```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

KENNEDY FUNDING, INC. AS AGENT FOR      )
CERTAIN CO-LENDERS,                     )
                                        )
            Plaintiff,                  )
                                        )   Civil No. 2010-32
            v.                          )
                                        )
WINTDOTS DEVELOPMENT, LLC, GLENN ELSKOE,)
DOROTHY ELSKOE, MARVIN L. FREUND and    )
EVELYN FREUEND, CO-TRUSTEES OF THE EVELYN)
FREUND TRUST u/t/a DATED 1/29/98,       )
                                        )
            Defendants.                 )
                                        )
                                        )
MARVIN L. FREUND and EVELYN FREUEND, CO-)
TRUSTEES OF THE EVELYN FREUND TRUST u/t/a)
DATED 1/29/98,                          )
                                        )
            Cross-claimants,            )
                                        )
            v.                          )
                                        )
WINTDOTS DEVELOPMENT, LLC, GLENN ELSKOE,)
and DOROTHY ELSKOE,                     )
                                        )
            Cross-claim defendants.     )
                                        )
                                        )
WINTDOTS DEVELOPMENT, LLC, GLENN ELSKOE,)
and DOROTHY ELSKOE,                     )
                                        )
            Counter-claimants,          )
                                        )
            v.                          )
                                        )
KENNEDY FUNDING, INC. AS AGENT FOR      )
CERTAIN CO-LENDERS,                     )
                                        )
            Counterclaim defendants.    )
                                        )
```

*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 2

|  |  |
|---|---|
| **WINTDOTS DEVELOPMENT, LLC, GLENN ELSKOE, and DOROTHY ELSKOE,** | ) ) ) |
|              Third-party plaintiffs, | ) ) |
|              v. | ) ) |
| **JEFFERY WOLFER, GREGG WOLFER, KEVIN WOLFER, FORTIS BANK, S.A., VOLPE REAL ESTATE ADVISORS, INC., BERNARD A. VOLPE, and KENNEDY FUNDING, INC. AS AGENT FOR CERTAIN CO-LENDERS,** | ) ) ) ) ) ) |
|              Third-party defendants. | ) ) |

**ATTORNEYS:**

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
   *For the plaintiff/counterclaim-defendant/third-party defendant Kennedy Funding, Inc.,*

**Emily K. Sabo, Esq.**
Emily Sabo Esquire, LLC
**Ross D. Alger, Esq.**
St. Thomas, VI
   *For the defendant/cross-claim defendant/counterclaimant/third-party plaintiffs Wintdots Development, LLC, Glenn Elskoe, and Dorothy Elskoe,*

**Nycole Thompson, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Charles Edward Lockwood, Esq.**
**George Hunter Logan, Esq.**
Nichols, Newman, Logan & Gray P.C.
St. Croix, VI
   *For the defendants/cross-claimants Marvin L. Freund and Evelyn Freund, Co-Trustees of the Evelyn Freund Trust,*

Case: 3:10-cv-00032-CVG-RM Document #: 101 Filed: 09/12/14 Page 3 of 5
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 3

**Jeffery Wolfer**
**Greg Wolfer**
**Kevin Wolfer**
**Bernard A. Volpe**
    *Pro se third-party defendants.*

**Fortis Bank, S.A.**
**Volpe Real Estate Advisors, Inc.**
    *Unrepresented entities.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of the defendants/cross-claim defendants/counterclaimants/third-party plaintiffs Wintdots Development, LLC, Glenn Elskoe, and Dorothy Elskoe (collectively "Wintdots") for an extension of time in which to redeem property described as: No. 3A Dronningens Gade St. Thomas, VI 00802 (the "Property"), and to vacate the United States Marshal's deed conveyed to the buyers of the Property.

The time that a judgment debtor has to redeem foreclosed property is set by statute. *See* V.I. CODE ANN. tit. 28, § 535. The redemption statute allows judgment debtors to redeem "within six months after the order of confirmation of sale." *Id.*

It is established in Virgin Islands law that the statutory right of redemption may be waived by the judgment debtor. *Id.* ("This right of redemption may be waived in writing by the judgment debtor or his successor in interest provided such waiver is not in or was not created contemporaneously with the underlying mortgage."). That is precisely what occurred here. Wintdots signed a Consent Judgment in which it waived its statutory right of redemption. In its place, the

Consent Judgment created a redemption period of 162 days. That redemption period commenced after the Court confirmed the Marshal's sale of the property. (ECF No. 48 ("Wintdots . . . is entitled to exercise a contractual right to redeem the foreclosed Mortgaged Premises . . . within one hundred sixty two [sic] (162) days of the date of the order confirming the foreclosure sale.")

The order confirming sale of the Property was entered on February 12, 2014. The redemption period thus expired on July 24, 2014. Redemption was not made by that time. Wintdots instead moved for an extension of time on July 24, 2014.

"A consent judgment, or consent decree, is a hybrid of a contract and a court order or judgment—that is, while it embodies the agreement of the parties and as such is in some respects contractual in nature, it is also in the form of a judicial order or judgment which the parties expect will be subject to the same presumption of finality ordinarily accorded to other court orders and judgments." *Christian v. All Persons Claiming any Right, Title or Interest in all Properties Known & Described as*, 277 F. Supp. 2d 610, 617 (D.V.I. 2003) *aff'd sub nom. Christian v. All Persons Claiming any Right, Title or Interest in all Properties Known as Described as All Properties known as Newfound Bay*, 103 F. App'x 447 (3d Cir. 2004). "A court should interpret a consent decree as written and should not impose terms when the parties did not agree to those terms." *Holland v. New Jersey Dep't of Corr.*, 246 F.3d 267, 281 (3d Cir. 2001).

In its review of the Consent Judgment in this case, the Court sees no provision which allows it to extend the deadlines agreed to therein. The Consent Judgment sets dates certain, and does not contemplate judicial extension. As such, the Court declines to impose such a term on the parties. *See Holland*, 246 F.3d at 281 (finding that a district court cannot extend agreed to deadlines in a consent decree).

Wintdots also asks this Court to vacate the Marshal's deed, arguing that the movants may yet redeem the Property. As discussed above, Wintdots is out of time to redeem the Property. There is thus no reason to vacate the Marshal's deed.

The premises considered, it is hereby

**ORDERED** that the movants' motion for an extension of time to redeem the Property is **DENIED;** and it is further

**ORDERED** that the movants' motion to vacate the Marshal's deed is **DENIED.**

S\_____
**Curtis V. Gómez
District Judge**