```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

KENNEDY FUNDING, INC. AS AGENT FOR    )
CERTAIN CO-LENDERS,                   )
                                      )
          Plaintiff,                  )
                                      )     Civil No. 2010-32
          v.                          )
                                      )
WINTDOTS DEVELOPMENT, LLC, GLENN      )
ELSKOE, DOROTHY ELSKOE, MARVIN L.     )
FREUND and EVELYN FREUEND, CO-TRUSTEES)
OF THE EVELYN FREUND TRUST u/t/a DATED)
1/29/98,                              )
                                      )
          Defendants.                 )
                                      )
_____)
MARVIN L. FREUND and EVELYN FREUEND,  )
CO-TRUSTEES OF THE EVELYN FREUND TRUST)
u/t/a DATED 1/29/98,                  )
                                      )
          Cross-claimants,            )
                                      )
          v.                          )
                                      )
WINTDOTS DEVELOPMENT, LLC, GLENN      )
ELSKOE, and DOROTHY ELSKOE,           )
                                      )
          Cross-claim defendants.)
_____)
                                      )
WINTDOTS DEVELOPMENT, LLC, GLENN      )
ELSKOE, and DOROTHY ELSKOE,           )
                                      )
          Counter-claimants,          )
                                      )
          v.                          )
                                      )
KENNEDY FUNDING, INC. AS AGENT FOR    )
CERTAIN CO-LENDERS,                   )
                                      )
          Counterclaim                )
          defendants.                 )
```

*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 2

```
                                           )
WINTDOTS DEVELOPMENT, LLC, GLENN           )
ELSKOE, and DOROTHY ELSKOE,                )
                                           )
              Third-party plaintiffs,      )
                                           )
              v.                           )
                                           )
JEFFREY WOLFER, GREGG WOLFER, KEVIN        )
WOLFER, FORTIS BANK, S.A., VOLPE REAL      )
ESTATE ADVISORS, INC., BERNARD A.          )
VOLPE, and KENNEDY FUNDING, INC. AS        )
AGENT FOR CERTAIN CO-LENDERS,              )
                                           )
              Third-party defendants.      )
                                           )
```

**ATTORNEYS:**

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
   *For the plaintiff/counterclaim-defendant/third-party*
   *defendant Kennedy Funding, Inc.,*

**Emily K. Sabo, Esq.**
Emily Sabo Esquire, LLC
**Ross D. Alger, Esq.**
St. Thomas, VI
   *For the defendant/cross-claim*
   *defendant/counterclaimant/third-party plaintiffs Wintdots*
   *Development, LLC, Glenn Elskoe, and Dorothy Elskoe,*

**Nycole Thompson, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Charles Edward Lockwood, Esq.**
**George Hunter Logan, Esq.**
Nichols, Newman, Logan & Gray P.C.
St. Croix, VI
   *For the defendants/cross-claimants Marvin L. Freund and*
   *Evelyn Freund, Co-Trustees of the Evelyn Freund Trust,*

**Jeffrey Wolfer**
**Greg Wolfer**
**Kevin Wolfer**
**Bernard A. Volpe**
    *Pro se third-party defendants.*

**Fortis Bank, S.A.**
**Volpe Real Estate Advisors, Inc.**
    *Unrepresented entities,*

**Kevin A. Rames**
Law Office of Kevin A. Rames, P.C.
St. Croix, VI
**Carol Ann Rich**
Dudley Rich Davis LLP
St. Thomas, VI
    *For intervenor Ideal Development, LLC.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the Evelyn Freund Trust to reconsider the Court's March 6, 2015, order.

### I.   FACTUAL AND PROCEDURAL HISTORY

Defendant Wintdots Development, LLC ("Wintdots") executed a promissory note and borrowed $6,500,000 from the plaintiff, Kennedy Funding Inc. ("Kennedy Funding") on April 16, 2008. On April 16, 2008, that note was secured by, *inter alia*, a mortgage on property described as:

> Parcel No. 14M-1 Estate Thomas
> No. 6E New Quarter
> St. Thomas, U.S. Virgin Islands
> as shown on PWD No. D9-3397-T86

and

Case: 3:10-cv-00032-CVG-RM   Document #: 124   Filed: 03/31/16   Page 4 of 14
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 4

        Parcel No. 14J Remainder Estate Thomas
        No. 6E New Quarter
        St. Thomas, U.S. Virgin Islands
        as shown on PWD No. D9-8101-T008

and

        Parcel No. 3A Dronningens Gade
        Queens Quarter
        St. Thomas, U.S. Virgin Islands
        As shown on Measure Brief dated 11/24/67

(the "Properties"). On August 12, 2009, Wintdots executed a promissory note in which it promised to repay the Evelyn Freund Trust (the "Trust") $225,000. This note was secured by a mortgage that was recorded on August 12, 2009. The Trust obtained a second priority lien against the Properties.

    Wintdots failed to make payments as required under the note with Kennedy Funding. Kennedy Funding notified Wintdots and demanded payment. Wintdots failed to make the necessary payments and defaulted on the note.

    On March 25, 2010, Kennedy Funding brought suit in this Court against Wintdots seeking a judgment of debt and foreclosure. On May 12, 2011, the parties submitted a proposed consent judgment for the Court's approval. The Consent Judgment was accepted by the Court on September 6, 2011. The Consent Judgment foreclosed on the Properties. As part of the Consent Judgment, Wintdots agreed to waive its statutory redemption period. The Consent Judgment gave Wintdots a contractual redemption period of 162 days. On December 28, 2013, Wintdots

Case: 3:10-cv-00032-CVG-RM Document #: 124 Filed: 03/31/16 Page 5 of 14
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 5

assigned its right to redeem to intervenor, Ideal Development, LLC ("Ideal"). On November 13, 2013, the Properties were sold by the United States Marshals Service. The successful bidder for the Properties was Kennedy Funding. The Properties were purchased for $650,000. On January 16, 2014, the Court entered an order confirming the sale of Parcel No. 14M-1 Estate Thomas, No. 6E New Quarter and Parcel No. 14J Remainder Estate Thomas, No. 6E New Quarter. ECF No. 60. On February 12, 2014, the Court entered an order confirming the sale of Parcel No. 3A Dronningens Gade, Queens Quarter. ECF No. 62.

On the last day of the redemption period, June 27, 2014, Ideal submitted a redemption check in the amount of $795,168.11 (the "first check") to the United States Marshals Service. The Marshals Service accepted the check, and gave it to the Clerk's Office in the District Court for deposit into the Court's registry. After the check had been given to the Court, Ideal reconsidered the amount and determined for itself that it had paid more money than required for redemption. Thereafter, on July 3, 2014, Ideal submitted a new check in the amount of $700,000 (the "second check") to the Marshals Service. On or around July 3, 2014, Ideal stopped payment on the first check.

The Court attempted to deposit the first check. When the Court tried to deposit the first check, the Court was informed

Case: 3:10-cv-00032-CVG-RM Document #: 124 Filed: 03/31/16 Page 6 of 14
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 6

by Ideal's bank that a stop/hold had been put on the first check.

Ideal was notified on July 10, 2014, by the Marshals Service that the Clerk of Court had declined to accept the second check. The Marshals Service instructed Ideal to retrieve its second check by July 14, 2014, or the Marshals Service would mail the second check to Ideal. On July 16, 2014, Ideal emailed the Clerk of Court, asking the Clerk's Office to accept the second check. On July 29, 2014, the Clerk of Court agreed to accept the second check. Thereafter, the second check, in the amount of $700,000, was deposited into the Court's registry.

Ideal and Kennedy disagreed on whether the amount submitted to the Court was sufficient to redeem. Given that disagreement and the unique procedural posture of the purported redemption, the Court scheduled an evidentiary hearing to determine if, in fact, the Properties had been redeemed and, if so, what the redemption price was. ECF No. 108. The Trust filed a motion to be excused from attendance at the hearing, stating that "they do not believe they can assist in the resolution of these issues." ECF No. 113. The Court granted the Trust's motion.

Prior to the hearing, Ideal and Kennedy filed a stipulation and notice with the Court that they had settled their dispute regarding redemption. ECF No. 115. In that stipulation, Ideal

Case: 3:10-cv-00032-CVG-RM   Document #: 124   Filed: 03/31/16   Page 7 of 14
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 7

and Kennedy agreed that Kennedy would assign to Ideal its Marshal's Deed and Certificate of Sale for the sale of Parcels No. 14M-1 Estate Thomas, No. 6E New Quarter and No. 14J Estate Thomas No. 6E New Quarter.  In exchange, the funds Ideal had deposited in the Court, when released, would go to Kennedy. On March 6, 2015, the Court accepted Ideal and Kennedy's stipulation and cancelled the evidentiary hearing on the issue of redemption.

Thereafter, the Trust filed a timely motion for reconsideration of the Court's March 6, 2015, order.  In its motion, the Trust argues that the Court is obligated to determine whether or not redemption occurred.  The Trust further argues that redemption occurred the moment Ideal deposited its funds in the Court.  Kennedy and Ideal oppose the motion.

## II.  DISCUSSION

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

 1. intervening change in controlling law;

 2. availability of new evidence;

 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. Such motion "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009)(quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004)(quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases ... use the term 'manifest injustice' to describe the result of plain error."

*Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

### III. ANALYSIS

Before the Court addresses the merits of the Trust's claim, it will first address whether or not the Trust has standing to bring its motion and whether Ideal had the authority to redeem the property. The Court then will address the merits of the Trust's argument.

**A. The Trust's Standing**

When constitutional standing does not exist, a federal court lacks subject matter jurisdiction over a plaintiff's claims. *Taliaferro v. Darby Tp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006). "Standing implicates both constitutional requirements and prudential concerns." *Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009). In undertaking an examination of a plaintiff's constitutional standing to bring an action, a court considers the following elements:

> (1) an injury in fact (i.e., a concrete and particularized invasion of a legally protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Common Cause of Pa.,* 558 F.3d at 258 (quoting *Sprint Commc'ns Co. v. APCC Servs. Inc.,* 554 U.S. 269 (2008)). The plaintiff bears the burden of establishing standing, and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *FOCUS v. Allegheny County Court,* 75 F.3d 834, 838 (3d Cir. 1996)(quoting *Lujan v. Defenders of Wildlife,* 504 U .S. 555, 561 (1992)(internal quotations omitted)).

Where, as here, a third party moves the court to reconsider an order affecting other parties, the Third Circuit has applied the same standing analysis that is applied in other contexts. *See, e.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

Indeed, the Third Circuit has stated that

> Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.

*Id.* at 777.

Here, the Trust is a secondary lienholder who argues that "a redemption occurred by the simple act of depositing redemption funds with the United States Marshal." ECF. No. 118 at 2. The Trust further argues that "[i]f (as statutory law and *Bennett* suggest) Ideal's redemption of the proerpty [sic] was effective upon the deposit of redemption funds with the Marshal, the [sic] the Trust's second priority mortgage was immediately and automatically revived." ECF No. 118 at 3. On review of the Trust's motion, the Court understands the Trust's injury to flow from the denial of a proceeding to determine whether a redemption occurred, the absence of which deprived the Trust of potential lienholder, and arguably redemptioner, rights.

The Virgin Islands Code outlines the procedures and rights for lienholders. *See* 28 V.I.C. §§ 531-38.

The Virgin Islands Code also outlines the procedure for a lien creditor to redeem property. *See* 5 V.I.C. §§ 492-500. 5 V.I.C. § 494 provides that: "A lien creditor may redeem the property within sixty days from the date of the order confirming the sale. . . ." The Virgin Islands Code also outlines the procedure for successive redemptions by other lien creditors. 5 V.I.C. § 495 provides that:

> If the property is redeemed as provided in section 494 of this title, any other lien creditor may, within sixty days from the last redemption, again redeem it on paying the sum

>> paid on the last redemption, with interest at the legal rate per annum thereon from the date of the last preceding redemption in addition, together with any taxes which the last redemptioner may have paid thereon and, unless his lien is prior to that of such redemptioner, the amount of such lien, with interest.
>> The property may be again, and as often as any lien creditor or redemptioner is disposed, redeemed from the last previous redemptioner, within sixty days from the date of the last redemption, on paying the sum paid on the last previous redemption, with interest at the legal rate per annum thereon from the date of such previous redemption, together with the amount of any taxes paid thereon by such last redemptioner, and the amount of any liens held by such last redemptioner prior to his own, with interest.

5 V.I.C. § 495.

The Trust suggests that it is injured because it is deprived of its right to have its second priority mortgage "immediately and automatically revived." No such right was injuriously denied, as no such right exists. Indeed, nowhere does the Virgin Islands Code provide for the automatic and immediate revival of a second priority mortgage. As the Supreme Court stated in *Merrill Lynch v. Curran*, 456 U.S. 353 (1982):

>> It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.

*Merrill Lynch*, 456 U.S. at 405.

Case: 3:10-cv-00032-CVG-RM   Document #: 124   Filed: 03/31/16   Page 13 of 14
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 13

With respect to lienholder rights, the Virgin Islands Legislature has provided a thorough and exhaustive statutory scheme to recognize and protect those rights.  Similarly, in the context of the redemption of a piece of property, the Virgin Islands Legislature has provided a complete and exclusive procedure that governs liens and potential redemptioners' rights in the territory.  These statutory procedures protect the rights of lienholders and debtors.  The Virgin Islands Legislature has seen fit to provide lien creditors with some remedies. Automatic reinstatement of liens, of which the trust speaks, was not included among them.  This Court is not inclined to read such a remedy into the Virgin Islands Code, nor construe the non-existence of such a right as an injury.

As such, the Trust has failed to present the Court with an injury that would be remedied by the reconsideration of its March 6, 2015, order.  Without a readily redressable injury, the Trust has failed to establish that it has standing to request the Court to reconsider its March 6, 2015, order. *Cf. Pansy*, 23 F.3d at 777.

The premises considered, it is hereby

**ORDERED** that the Trust's motion for reconsideration is **DENIED;** and it is further

**ORDERED** that the motions for an extension of time to file responses to the motion for reconsideration are **MOOT;** and it is further

**ORDERED** that the motion to stay the tender of $700,000 is **MOOT.**

                        S\_____
                          **Curtis V. Gómez**
                          **District Judge**

Case: 3:10-cv-00032-CVG-RM   Document #: 124   Filed: 03/31/16   Page 14 of 14

*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 14