DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
KENNEDY FUNDING, INC. AS AGENT FOR     )
CERTAIN CO-LENDERS,                    )
                                       )
          Plaintiff,                   )
                                       )    Civil No. 2010-32
          v.                           )
                                       )
WINTDOTS DEVELOPMENT, LLC, GLENN       )
ELSKOE, DOROTHY ELSKOE, MARVIN L.      )
FREUND and EVELYN FREUEND, CO-TRUSTEES )
OF THE EVELYN FREUND TRUST u/t/a DATED )
1/29/98,                               )
                                       )
          Defendants.                  )
                                       )
_____)
MARVIN L. FREUND and EVELYN FREUEND,   )
CO-TRUSTEES OF THE EVELYN FREUND TRUST )
u/t/a DATED 1/29/98,                   )
                                       )
          Cross-claimants,             )
                                       )
          v.                           )
                                       )
WINTDOTS DEVELOPMENT, LLC, GLENN       )
ELSKOE, and DOROTHY ELSKOE,            )
                                       )
          Cross-claim defendants.      )
_____)
                                       )
WINTDOTS DEVELOPMENT, LLC, GLENN       )
ELSKOE, and DOROTHY ELSKOE,            )
                                       )
          Counter-claimants,           )
                                       )
          v.                           )
                                       )
KENNEDY FUNDING, INC. AS AGENT FOR     )
CERTAIN CO-LENDERS,                    )
                                       )
          Counterclaim                 )
          defendants.                  )
```

```
                                          )
WINTDOTS DEVELOPMENT, LLC, GLENN          )
ELSKOE, and DOROTHY ELSKOE,               )
                                          )
            Third-party plaintiffs,       )
                                          )
            v.                            )
                                          )
JEFFREY WOLFER, GREGG WOLFER, KEVIN       )
WOLFER, FORTIS BANK, S.A., VOLPE REAL     )
ESTATE ADVISORS, INC., BERNARD A.         )
VOLPE, and KENNEDY FUNDING, INC. AS       )
AGENT FOR CERTAIN CO-LENDERS,             )
                                          )
            Third-party defendants.       )
                                          )
```

**ATTORNEYS:**

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For the plaintiff/counterclaim-defendant/third-party
    defendant Kennedy Funding, Inc.*,

**Emily K. Sabo, Esq.**
Emily Sabo Esquire, LLC
**Ross D. Alger, Esq.**
St. Thomas, VI
    *For the defendant/cross-claim
    defendant/counterclaimant/third-party plaintiffs Wintdots
    Development, LLC, Glenn Elskoe, and Dorothy Elskoe*,

**Nycole Thompson, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Charles Edward Lockwood, Esq.**
**George Hunter Logan, Esq.**
Nichols, Newman, Logan & Gray P.C.
St. Croix, VI
    *For the defendants/cross-claimants Marvin L. Freund and
    Evelyn Freund, Co-Trustees of the Evelyn Freund Trust*,

**Jeffrey Wolfer**
**Greg Wolfer**
**Kevin Wolfer**
**Bernard A. Volpe**
    *Pro se third-party defendants.*

**Fortis Bank, S.A.**
**Volpe Real Estate Advisors, Inc.**
    *Unrepresented entities,*

**Kevin A. Rames**
Law Office of Kevin A. Rames, P.C.
St. Croix, VI
**Carol Ann Rich**
Dudley Rich Davis LLP
St. Thomas, VI
    *For intervenor Ideal Development, LLC.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of Magistrate Judge Ruth Miller regarding the motion of the Evelyn Freund Trust to reconsider the Court's March 31, 2016, order.

### FACTUAL AND PROCEDURAL HISTORY

On April 16, 2008, Defendant Wintdots Development, LLC ("Wintdots") borrowed $6,500,000 from the plaintiff, Kennedy Funding Inc. ("Kennedy Funding"). On that same date, Windots executed and delivered a promissory note (the "Kennedy Note") in the amount of $6,500,000 to Kennedy Funding in which it promised to repay the Kennedy Note. On April 16, 2008, the Kennedy Note was secured by, *inter alia*, a mortgage on three pieces of property (the "Properties").

Case: 3:10-cv-00032-CVG-RM Document #: 135 Filed: 03/07/17 Page 4 of 8
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 4

On August 12, 2009, Wintdots borrowed from the Evelyn Freund Trust (the "Trust") $225,000. On same date, Windots executed a promissory note (the "Trust Note") in the amount of $225,000 to the Trust in which it promised to repay the Trust Note. On August 12, 2009, the Trust Note was secured by a mortgage on the properties. The Trust obtained a second priority lien against the Properties.

Wintdots failed to make payments as required under the Kennedy Note. Kennedy Funding notified Wintdots and demanded payment. Wintdots failed to make the necessary payments and defaulted on the Kennedy Note.

On March 25, 2010, Kennedy Funding brought suit in this Court against Wintdots seeking a judgment of debt and foreclosure. On May 12, 2011, the parties submitted a proposed consent judgment for the Court's approval. The Consent Judgment was accepted by the Court on September 6, 2011. The Consent Judgment foreclosed on the Properties. As part of the Consent Judgment, Wintdots agreed to waive its statutory redemption period. The Consent Judgment gave Wintdots a contractual redemption period of 162 days. On December 28, 2013, Wintdots assigned its right to redeem to intervenor, Ideal Development, LLC ("Ideal"). On November 13, 2013, the Properties were sold by the United States Marshals Service. The successful bidder

Case: 3:10-cv-00032-CVG-RM Document #: 135 Filed: 03/07/17 Page 5 of 8
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 5

for the Properties was Kennedy Funding. The Properties were purchased for $650,000. The Court entered orders confirming the sales of the properties on January 16, 2014, and February 12, 2014.

On the last day of the redemption period, June 27, 2014, Ideal submitted a redemption check in the amount of $795,168.11 (the "first check") to the United States Marshals Service. The Marshals Service accepted the check, and gave it to the Clerk's Office in the District Court for deposit into the Court's registry. After the check had been given to the Court, Ideal reconsidered the amount and determined for itself that it had paid more money than required for redemption. Thereafter, on July 3, 2014, Ideal submitted a new check in the amount of $700,000 (the "second check") to the Marshals Service. On or around July 3, 2014, Ideal stopped payment on the first check.

The Court attempted to deposit the first check. When the Court tried to deposit the first check, the Court was informed by Ideal's bank that a stop/hold had been put on the first check.

Ideal was notified on July 10, 2014, by the Marshals Service that the Clerk of Court had declined to accept the second check. The Marshals Service instructed Ideal to retrieve its second check by July 14, 2014, or the Marshals Service would

mail the second check to Ideal. On July 16, 2014, Ideal emailed the Clerk of Court, asking the Clerk's Office to accept the second check. On July 29, 2014, the Clerk of Court agreed to accept the second check. Thereafter, the second check, in the amount of $700,000, was deposited into the Court's registry.

Ideal and Kennedy disagreed on whether the amount submitted to the Court was sufficient to redeem. Given that disagreement and the unique procedural posture of the purported redemption, the Court scheduled an evidentiary hearing to determine if, in fact, the Properties had been redeemed and, if so, what the redemption price was. ECF No. 108. The Trust filed a motion to be excused from attendance at the hearing, stating that "they do not believe they can assist in the resolution of these issues." ECF No. 113. The Court granted the Trust's motion.

Prior to the hearing, Ideal and Kennedy filed a stipulation and notice with the Court that they had settled their dispute regarding redemption. ECF No. 115. On March 6, 2015, the Court accepted Ideal and Kennedy's stipulation and cancelled the evidentiary hearing on the issue of redemption.

Thereafter, the Trust filed a timely motion for reconsideration of the Court's March 6, 2015, order. In its motion, the Trust argued that the Court was obligated to determine whether or not redemption had occurred. The Trust

Case: 3:10-cv-00032-CVG-RM Document #: 135 Filed: 03/07/17 Page 7 of 8
*Kennedy Funding, Inc. v. Wintdots Dev. LLC, et al.*
Civil No. 2010-32
Order
Page 7

further argued that redemption occurred the moment Ideal deposited its funds in the Court. Kennedy and Ideal opposed the motion. In an order dated March 31, 2016, the Court denied the motion to reconsider.

On April 14, 2016, the Trust filed a motion for reconsideration of the Court's March 31, 2016, order (the "Second Motion"). The Trust argues that the Court "erred in determining which redemption statute applied to this matter." *April 14, 2016, Mot. for Reconsideration*, ECF No. 125 at 2. On December 5, 2016, the Court referred the Second Motion to Magistrate Judge Ruth Miller for a Report and Recommendation.

On February 24, 2017, the Magistrate Judge filed a Report and Recommendation. The Magistrate Judge found that

> although the Freund defendants contend the Court relied on "the wrong statute," it is apparent from a reading of the March 31, 2016 Order that the Court did cite to and consider the provisions of the Virgin Islands Code regarding foreclosures of real property (28 V.I.C §§ 531-38) and of redemptions (5 V.I.C. §§ 492-500) in concluding that the ultimate remedy the Freund defendants seek -- revival of their lien -- is not available under that statutory scheme. The Freund defendants obviously disagree, but the mechanism for registering such disagreement is not by way of a successive motion to reconsider. Having identified no change in controlling law, new evidence or clear error relative to the Court's March 31, 2016 Order, a successive motion for reconsideration of that Order would be fruitless.

*Report and Recommendation*, ECF No. 134 at 6.

Upon de novo review of the Report and Recommendation, the Court agrees with the Magistrate Judge. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge is **ADOPTED;** and it is further

**ORDERED** that the Motion for Reconsideration is **DENIED.**

                              S\_____
                                **CURTIS V. GÓMEZ**
                                **District Judge**