```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN


KENNEDY FUNDING, INC. AS AGENT FOR    )
CERTAIN CO-LENDERS,                   )
                                      )
            Plaintiff,                )
                                      )   Civil No. 2010-32
            v.                        )
                                      )
WINTDOTS DEVELOPMENT, LLC, GLENN      )
ELSKOE, DOROTHY ELSKOE, MARVIN L.     )
FREUND and EVELYN FREUND, CO-TRUSTEES )
OF THE EVELYN FREUND TRUST u/t/a DATED)
1/29/98,                              )
                                      )
            Defendants.               )
                                      )
_____)
MARVIN L. FREUND and EVELYN FREUND,   )
CO-TRUSTEES OF THE EVELYN FREUND TRUST)
u/t/a DATED 1/29/98,                  )
                                      )
            Cross-claimants,          )
                                      )
            v.                        )
                                      )
WINTDOTS DEVELOPMENT, LLC, GLENN      )
ELSKOE, and DOROTHY ELSKOE,           )
                                      )
            Cross-claim defendants.   )
_____)
                                      )
WINTDOTS DEVELOPMENT, LLC, GLENN      )
ELSKOE, and DOROTHY ELSKOE,           )
                                      )
            Counter-claimants,        )
                                      )
            v.                        )
                                      )
KENNEDY FUNDING, INC. AS AGENT FOR    )
CERTAIN CO-LENDERS,                   )
                                      )
            Counterclaim              )
            defendants.               )
_____)
```

```
                                           )
WINTDOTS DEVELOPMENT, LLC, GLENN           )
ELSKOE, and DOROTHY ELSKOE,                )
                                           )
            Third-party plaintiffs,        )
                                           )
            v.                             )
                                           )
JEFFREY WOLFER, GREGG WOLFER, KEVIN        )
WOLFER, FORTIS BANK, S.A., VOLPE REAL      )
ESTATE ADVISORS, INC., BERNARD A.          )
VOLPE, and KENNEDY FUNDING, INC. AS        )
AGENT FOR CERTAIN CO-LENDERS,              )
                                           )
            Third-party defendants.        )
_____)
```

**ATTORNEYS:**

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For the plaintiff/counterclaim-defendant/third-party defendant Kennedy Funding, Inc.*,

**Emily K. Sabo, Esq.**
Emily Sabo Esquire, LLC
St. Thomas, VI
**Rosh D. Alger, Esq.**
St. Thomas, VI
    *For the defendant/cross-claim defendant/counterclaimant/third-party plaintiffs Wintdots Development, LLC, Glenn Elskoe, and Dorothy Elskoe,*

**A.J. Stone III, Esq.**
**Nycole Thompson, Esq.**
Bolt Nagi PC
St. Thomas, VI
**Charles Edward Lockwood, Esq.**
**George Hunter Logan, Esq.**
Nichols, Newman, Logan & Gray P.C.
St. Croix, VI
    *For the defendants/cross-claimants Marvin L. Freund and Evelyn Freund, Co-Trustees of the Evelyn Freund Trust,*

**Jeffrey Wolfer**
**Greg Wolfer**
**Kevin Wolfer**
**Bernard A. Volpe**
    *Pro se third-party defendants,*

**Fortis Bank, S.A.**
**Volpe Real Estate Advisors, Inc.**
    *Unrepresented entities,*

**Kevin A. Rames**
Law Office of Kevin A. Rames, P.C.
St. Croix, VI
**Carol Ann Rich**
Dudley Rich LLP
St. Thomas, VI
    *For intervenor Ideal Development, LLC,*

**Charles S. Russell**
**Kanaan Le'Roy Wilhite**
Moore Dodson & Russell, P.C.
St. Thomas, VI
    *For intervenor GAD Properties, Ltd.*

## ORDER

**GÓMEZ, J.**

Before the Court is the petition of Marvin L. Freund and Evelyn Freund, Co-Trustees of the Evelyn Freund Trust u/t/a Dated 1/29/98, for leave to execute on a September 6, 2011, judgment which was entered by the Court in this matter.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 16, 2008, Kennedy Funding, Inc. ("Kennedy") loaned Wintdots Development LLC ("Wintdots") $6,500,000. On that same date, Wintdots executed a promissory note promising to repay the loan by April 15, 2011. The note was secured by a mortgage and

security agreement. Additionally, Glenn Elskoe and Dorothy Elskoe (the "Elskoes") executed a guaranty, and a loan and security agreement and assignments on behalf of Wintdots, further securing the note.

On August 12, 2009, Wintdots executed a second priority mortgage deed in favor of the Evelyn Freund Trust u/t/a dated 1/29/98 (the "Trust") securing a $225,000 loan.

On March 25, 2010, Kennedy filed a complaint in this matter alleging that Wintdots was in default on its note.

On April 27, 2010, Marvyn L. Freund & Evelyn Freund (the "Freunds") as Co-Trustees of the Trust filed an answer and a crossclaim against Wintdots and the Elskoes for the amount due on the second priority mortgage.

On May 9, 2011, the parties entered a Settlement Agreement which was filed with the Court on May 12, 2011. The Settlement Agreement agreed to a final judgment in favor of Kennedy and certain terms and conditions permitting alternative settlement payments if made by specified dates. Additionally, Wintdots and the Elskoes consented to a final judgment in favor of the Trust.

On September 6, 2011, the Court entered a Consent Judgment in this matter against Wintdots and the Elskoes in favor of the Trust in the amount of $241,344.69 as of February 12, 2011, plus $28,849.06 as of February 23, 2011, in attorney's fees and

costs. The consent judgment provides that interest on all amounts due, "including but not limited to principal, interest, attorney's fees and costs shall continue to accrue interest at the rate of 14% per annum compounded monthly." *See* Consent Judgment and Order of Foreclosure, September 6, 2011, ECF No. 48, at 10. Additionally, the judgment provides that if the Trust seeks execution of the Consent Judgment, all outstanding amounts due to the Trust "shall thereafter accrue interest at the legal Judgement Rate as provided by U.S.V.I. law." *Id*.

The September 6, 2011, Consent Judgment also foreclosed on the liens against certain real properties belonging to Wintdots. The September 6, 2011, Consent Judgment ordered that, if the terms of the Settlement Agreement are not satisfied, the Properties shall be sold by the United States Marshal with the proceeds to be applied first toward satisfaction of any and all indebtedness to Kennedy, and second toward satisfaction of any and all indebtedness to the Trust.

On October 13, 2011, the Clerk of the Court issued a writ of execution against Wintdots and the Elskoes in favor of Kennedy in the amount of $10,273,568.51.

Pursuant to the Court's September 6, 2011, Consent Judgment, on November 7, 2013, the United States Marshal sold

the Properties described therein. In total, the Properties sold for $6,651,000.[1]

Following the Marshal's sale, $5,951,000[2] was tendered to the U.S. District Court of the Virgin Islands for deposit into the Court's registry.

On January 16, 2014, the Magistrate Judge entered an order confirming the Marshal's sale as to Kennedy, which credit bid on two of the three properties. On February 12, 2014, the Magistrate Judge entered an order confirming the Marshal's sale as to GB Properties, Ltd, the purchaser of the third property.

On July 24, 2014, Kennedy moved for an order releasing the sale proceeds from the Court's registry. Kennedy renewed its motion for an order releasing the sale proceeds on August 6, 2014, and August 20, 2014.

On September 15, 2014, the Magistrate Judge issued an order releasing the sale proceeds to Kennedy.

On March 28, 2018, the Trust moved for leave to execute on the September 6, 2011, Consent Judgment. On July 22, 2018, the Trust served the Elskoes with notice of its motion seeking execution on the September 6, 2011, Consent Judgment. On August

---

[1] Kennedy's credit bid of $650,000 was the highest bid for two of the three properties. The third property sold for $6,001,000 to GB Properties, Ltd.
[2] This sum reflects the sale proceeds less the $50,000 commission collected by the United States Marshals Service.

17, 2018, the Trust again moved for leave to execute on the September 6, 2011, Consent Judgment.[3]

## II. ANALYSIS

"Under Rule 69(a) of the Federal Rules of Civil Procedure, a federal court must follow relevant state law in a proceeding to execute on a judgment, unless a federal statute dictates otherwise." *Schreiber v. Kellogg*, 50 F.3d 264, 267 (3d Cir. 1995).[4] No federal statute governs the execution of local default and foreclosure judgments. As such, the Court looks at Virgin Islands law to determine whether the Trust may execute on the September 6, 2011, Judgment.

A judgment in the Virgin Islands has a lifespan of twenty years, and thus it may be enforced within that time frame. See V.I. CODE ANN., tit. 5, § 31(1)(B); *Creque v. Creque*, 19 V.I. 408, 1983 WL 889868, *4 (Terr. Ct. 1983). Enforcement during that period is not entirely within the discretion of the judgment creditor. Indeed, "[t]itle 5, section 488 of the Virgin Islands Code ("Section 488") requires that a judgment creditor

---

[3] In its August 17, 2018, motion to execute on the September 6, 2011, Consent Judgment, the Trust filed proof of service on the Elskoes on July 22, 2018, in the form of two affidavits from the process server.

[4] Federal Rule of Civil Procedure 69(a) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69.

seeking execution five or more years after entry of the judgment must obtain leave of the court by motion." *Chase Manhattan Bank N.A. v. Stapleton*, Civ. No. 1993-29, 2008 WL 2995349, at *2 (D.V.I. July 31, 2008). That section outlines certain conditions that must be satisfied before the Court may grant leave to execute a judgment that is older than five years.

In pertinent part, Section 488 provides:

1) The party in whose favor a judgment was given shall file a motion with the clerk of the court where the judgment was entered for leave to issue an execution. The motion shall state the names of the parties to the judgment, the date of its entry, and the amount claimed to be due thereon, or the particular property on which the possession was thereby adjudged to such party remaining undelivered. The motion shall be subscribed and verified in like manner as a complaint in an action.

2) At any time after filing such motion the party may cause a summons to be served on the judgment debtor in like manner and with like effect as in an action. In case such judgment debtor is dead, the summons may be served upon his representative by publication as in the case of a non-resident, or by actual service of the summons.

3) The summons shall be substantially the same as in an action, but instead of a notice therein required it shall state the amount claimed or the property sought to be recovered, in the manner prescribed in subdivision (1) of this section.

4) The judgment debtor, or his representatives in case of his death, may file an answer to such motion within the time allowed to answer a complaint in an action, alleging any defense to such motion which may exist. If no answer is filed within the

>    time prescribed the motion shall be allowed of
>    course.
>
> 5) The word "representative" in this section shall be
>    deemed to include any or all of the persons
>    mentioned in subdivision (2) of section 473 of this
>    title, in whose possession property of the judgment
>    debtor may be which is liable to be taken and sold
>    or delivered in satisfaction of the execution and
>    not otherwise.
>
> 6) The order shall specify the amount for which
>    execution is to issue, or the particular property
>    possession of which is to be delivered; it shall
>    be entered in the minutes and docketed as a
>    judgment.

5 V.I.C. § 488.

The Trust has satisfied all the conditions of Section 488. On March 28, 2018, the Trust filed a motion for leave to execute on the September 6, 2011, Consent Judgment. That motion stated the names of the parties to the judgment, the date of its entry, and the amount claimed to be due thereon--$727,682.18 as of March 27, 2018. An exact and true copy of that motion was served through Notice of Electronic Filing on counsel for Wintdots and the Elskoes. Additionally, the Trust caused summons to be served on the Elskoes on July 22, 2018. The summons stated the names of the parties to the judgment, the date of its entry, and the amount claimed. *See* Summons Returned for Glenn Elskoe, ECF 145; Summons Returned for Dorothy Elskoe, ECF146. Wintdots and the Elskoes have not filed an answer.

The premises considered, it is hereby

**ORDERED** that the Trust's motion for leave to execute upon the September 6, 2011, Consent Judgment is **GRANTED**; it is further

**ORDERED** that, upon proper application by the Trust, a writ of execution against Wintdots and the Elskoes shall issue to the Trust upon the September 6, 2011, Consent Judgment in the amount of $241,344.69 plus $28,849.06 in attorney's fees and costs; and it is further

**ORDERED** that in accordance with the terms of the September 6, 2011 Consent Judgment, interest on all amounts due shall accrue at the rate of 14% per annum compounded monthly until March 27, 2018, and thereafter at the legal Judgement Rate as provided by Virgin Islands law.

S\_____
**Curtis V. Gómez
District Judge**